UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20400-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT J. VITALE,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Request for Hearing on Writ of Garnishment (DE# 71, 12/27/13) and the Defendant's Motion to Hold Garnishment Proceeding in Abeyance (DE# 74, 1/31/14). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Hold Garnishment Proceeding in Abeyance (DE# 74, 1/31/14) is **DENIED**. On November 26, 2013, the Court entered an amended judgment which included restitution in the amount of $161,583.40. See Amended Judgment in a Criminal Case (DE# 67 at 5, 11/26/13). The government has commenced garnishment proceedings in an effort to satisfy the restitution owed. The defendant seeks to hold the garnishment proceedings in abeyance "pending the disposition of his collateral attack on his conviction and sentence." Defendant's Motion to Hold Garnishment Proceeding in Abeyance (DE# 74 at 2, 1/31/14).[1] The government objects to the relief requested because "[n]one of the

---

[1] On October 22, 2013, the defendant filed a motion to set aside or correct his judgment and sentence pursuant to 28 U.S.C. § 2255 in Case No. 13-cv-23825-JAL.

grounds raised in the habeas petition have merit." Government's Response to Defendant's Request for a Hearing and Motion to Hold Garnishment Proceedings in Abeyance (DE# 78 at 4, 2/12/14). The undersigned notes that the defendant merely states that he has collaterally attacked his conviction and sentence and does not assert that he has a particularly strong likelihood of success on the merits of his habeas motion.[2] The filing of a habeas motion is a common occurrence and absent additional grounds is insufficient to warrant the stay of garnishment proceedings to enforce this Court's restitution order. It is further

ORDERED AND ADJUDGED that the Request for Hearing on Writ of Garnishment (DE# 71, 12/27/13) is **GRANTED**. Section 3205(c)(5) allows a judgment debtor to file written objections to an answer to a writ of garnishment and to request a hearing within 20 days after receipt of the answer. 28 U.S.C. § 3205(c)(5). Section 3205(c)(5) provides that "[t]he party objecting shall state the grounds for the objection and bear the burden of proving such grounds." Id. The defendant's request for hearing states that "the writ of garnishment was issued in error and that he is otherwise exempt from garnishment of the property the writ is directed at based on Court Order." Request for Hearing on Writ of Garnishment (DE# 71 at 1, 12/27/13). Accordingly, this matter is set for an evidentiary hearing before the undersigned on **Monday, March 31, 2014 at 3:00 PM** at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue,

---

The defendant has since amended his motion and the matter remains pending before the Court.

[2] The undersigned takes no position on the merits of a motion pending before another judge.

5th Floor, Miami, Florida 33128.

    DONE AND ORDERED, in Chambers, at Miami, Florida this **19th** day of March, 2014.

                                                _____
                                                JOHN J. O'SULLIVAN
                                                UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:
Robert J. Vitale
03343-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101